1  MILBERG LLP
   JEFF S. WESTERMAN (SBN 94559)
2  jwesterman@milberg.com
   ANDREW SOKOLOWSKI (SBN 226685)
3  asokolowski@milberg.com
   One California Plaza
4  300 S. Grand Avenue, Suite 3900
   Los Angeles, CA 90071
5  Telephone: (213) 617-1200
   Facsimile:  (213) 617-1975
6
   MILBERG LLP
7  ANNE MARIE VU (SBN 238771)
   avu@milberg.com
8  One Pennsylvania Plaza, 49th Floor
   New York, NY 10119
9  Telephone: (212) 594-5300
   Facsimile:  (212) 868-1229
10
   Attorneys for Plaintiff and
11 Proposed Lead Counsel

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15
   DAVID APPLESTEIN, Individually and on    )
16 Behalf of All Others Similarly Situated,  )  Case No. 3-10-CV-00988-MHP
                                             )
17                           Plaintiff,      )  CLASS ACTION
                                             )
18           vs.                             )  NOTICE OF MOTION AND MOTION
                                             )  OF PLAINTIFF MARC WERNER, M.D.
19 MEDIVATION, INC., DAVID T. HUNG, C.       )  FOR CONSOLIDATION,
   PATRICK MACHADO, LYNN SEELY, and          )  APPOINTMENT OF LEAD PLAINTIFF
20 ROHAN PALEKAR,                            )  AND APPROVAL OF LEAD COUNSEL
                                             )  SELECTION; MEMORANDUM OF
21                           Defendants.     )  POINTS AND AUTHORITIES IN
                                             )  SUPPORT THEREOF
22                                           )
                                             )  DATE:      June 21, 2010
23                                           )  TIME:      4:00 p.m.
                                             )  CTRM:      15
24                                           )  JUDGE:  Hon. Marilyn H. Patel
                                             )
25 (caption continues on next page)

26

27

28 NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF
   AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF
   Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP
   DOCS\514074v2

1   VADYM SHABANOV, Individually and on )   Case No. 3-10-CV-01049-MHP
    Behalf of All Others Similarly Situated, )
2                                          )
                         Plaintiff,        )
3                                          )
             vs.                           )
4                                          )
    MEDIVATION, INC., DAVID T. HUNG, C.    )
5   PATRICK MACHADO, LYNN SEELY, and       )
    ROHAN PALEKAR,                         )
6                                          )
                         Defendants.       )
7                                          )
                                           )
8                                          )
                                           )
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ..................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................1

PRELIMINARY STATEMENT ....................................................................................1

FACTUAL BACKGROUND .........................................................................................2

ARGUMENT ..................................................................................................................3

I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...........................3

II.    DR. WERNER SHOULD BE APPOINTED LEAD PLAINTIFF .......................4

    A.    The Procedural Requirements Pursuant to the PSLRA ...........................4

    B.    Dr. Werner is "The Most Adequate Plaintiff" .......................................5

        1.    Dr. Werner's Motion is Timely ................................................5

        2.    Dr. Werner Has the Largest Financial Interest ..........................5

        3.    Dr. Werner Satisfies the Requirements of Rule 23 ....................7

            a.    Dr. Werner's Claims Are Typical of the Claims of All the Class Members .........................................................8

            b.    Dr. Werner Will Adequately Represent the Class ...........8

III.    THE COURT SHOULD APPROVE DR. WERNER'S CHOICE OF LEAD COUNSEL ...........................................................................9

IV.    CONCLUSION ..................................................................................................10

NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF
Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP     - i -

DOCS\514074v2

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

FEDERAL CASES

5

*Crossen v. CV Therapeutics,*

6
    No. 03-03709, 2005 U.S. Dist. LEXIS 41396 (N.D. Cal. Aug. 9, 2005) ..................................8

7

*Ferrari v. Gisch,*
    225 F.R.D. 599 (C.D. Cal. 2004) ......................................................................................1, 5

8

*Greebel v. FTP Software, Inc.,*

9
    939 F. Supp. 57 (D. Mass. 1996) ..................................................................................4

10

*Hanlon v. Chrysler Corp.,*

11
    150 F.3d 1011 (9th Cir. 1998) ......................................................................................8

12

*In re Cavanaugh,*
    306 F.3d 726 (9th Cir. 2002) .............................................................................. passim

13

*In re Equity Funding Corp. of Am. Sec. Litig.,*

14
    416 F. Supp. 161 (C.D. Cal. 1976) ................................................................................3

15

*In re Royal Ahold N.V. Sec. & Erisa Litig.,*

16
    219 F.R.D. 343 (D. Md. 2003) ....................................................................................4

17

*Lax v. First Merchs. Acceptance Corp.,*
    No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997 ............................4, 6

18

*Miller v. Ventro Corp.,*

19
    No. C01-01287, 2001 U.S. Dist. LEXIS 26027 (N.D. Cal. Nov. 28, 2001) ............................9

20

*Richardson v. TVIA, Inc.,*
    No. C-06-6304, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. 2007) ...........................................5

21

*Schriver v. Impac Mortgage Holdings, Inc.,*

22
    No. SACV-06-31, 2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006) ...........................7

23

*Siegall v. Tibco Software, Inc.,*

24
    No. 05-2146, 2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006) ................................7

25

*Takeda v. Turbodyne Techs.,*
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) ...........................................................................9

26

27

28

NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF   - ii -
AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF
Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP

DOCS\514074v2

*Taubenfeld v. Career Educ. Corp.*,
   No. 03 C 8884, 2004 U.S. Dist. LEXIS 4363 (N.D. Ill. Mar. 19, 2004) ...................................4

*Yousefi v. Lockheed Martin Corp.*,
   70 F. Supp. 2d 1061 (C.D. Cal. 1999) .......................................................................................3

**STATE STATUTES**

Private Securities Litigation Reform Act of 1995 ("PSLRA").............................................. passim

Securities Exchange Act of 1934................................................................................... passim

**RULES**

Fed. R. Civ. P. 23 ...........................................................................................................1, 5, 7, 8

Fed. R. Civ. P. 42 ...................................................................................................................1, 3

NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF
Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP

- iii -

DOCS\514074v2

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 21, 2010, at 4:00 p.m., or as soon as this matter may be heard in Courtroom 15 of the Honorable Marilyn H. Patel, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Marc Werner, M.D. ("Dr. Werner" or "Movant"), will, and hereby does, move for an order: (1) consolidating any related actions filed in or transferred to this District for all purposes pursuant to Fed. R. Civ. P. 42(a); (2) appointing Movant as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (3) approving Movant's selection of Milberg LLP ("Milberg") as lead counsel in this action and in any subsequently filed and/or related cases; and (4) granting such other and further relief as the Court may deem just and proper.

This motion is based on the attached Memorandum of Points and Authorities, the Declaration of Andrew J. Sokolowski ("Sokolowski Decl.") in support thereof, all pleadings, records and files in this action, any evidence presented at or before the hearing, including any written or oral argument as may be presented to the Court, and all other matters of which the Court may take judicial notice.

NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP

- 1 -

DOCS\514074v2

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Marc Werner, M.D., ("Dr. Werner" or "Movant"), respectfully submits this Memorandum in support of his motion, pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (1) consolidating the above-captioned actions ("Actions") pursuant to Fed. R. Civ. P. 42; (2) appointing Dr. Werner as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Dr. Werner's selection of Milberg LLP ("Milberg") as Lead Counsel in the consolidated action and in any subsequently filed and/or related cases; and (4) granting such other and further relief as the Court may deem just and proper.

The Actions against Medivation, Inc. ("Medivation" or the "Company") should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). Next, pursuant to the PSLRA, the Court should appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class who also meets the adequacy and typicality prongs of Fed. R. Civ. P. 23. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004). Dr. Werner expended $64,711 net to acquire the shares of corporate defendant Medivation and incurred losses of approximately $45,199 due to Defendants' conduct.[1] Movant believes that he has the largest financial interest of any other movant, is typical, and will more than adequately represent the interests of the Class. The Court should approve Dr. Werner's selection of Milberg as Lead Counsel because Milberg has extensive experience in spearheading securities class actions, including many within this District, and will adequately represent the Class.

---

[1] "Defendants" refers collectively to Medivation, David T. Hung, C. Patrick Machado, Lynn Seely and Rohan Palekar.

NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP   - 1 -

DOCS\514074v2

## FACTUAL BACKGROUND[2]

Medivation is a San Francisco based biopharmaceutical company that manufactures small molecule drugs in clinical development to "treat critically ill patients with serious diseases for which there are limited treatment options." Examples of such "serious diseases" include: Alzheimer's and Huntington's diseases and castration-resistant prostate cancer. The Company stock is publicly traded on the NASDAQ Exchange under the ticker symbol "MDNV." As of March 15, 2010, there were 34 million shares of Medivation common stock issued and outstanding. During the Class Period, Medivation co-partnered with Pfizer, Inc. ("Pfizer") in the United States and overseas on an experimental drug for Alzheimer's and Huntington's diseases called "Dimebon," which is also known under the generic name latrepirdine.

Throughout the Class Period, Defendants made false and misleading statements concerning the Company's drug Dimebon. Medivation misrepresented the effectiveness of Dimebon as a treatment for Alzheimer's disease, making it impossible for investors to gain an accurate, meaningful understanding of Dimebon's progress towards approval by the FDA, and the drug's true potential for market success. Specifically, in July of 2008, Medivation touted the glowing results of a 183-patient Russian study of the Dimebon drug that reportedly showed unprecedented positive results. The Russian study showed Dimebon to be effective in all five cognitive areas examined and the improvements lasted longer than the effects seen in separate research on rival therapies. The drug was touted as improving cognitive function or at least staving off mental decline for about 18 months, while the existing treatments could only do so for about six months, according to experts. The study disseminated by the Company was well-received in the medical community and the financial community, and caused the Company's stock to trade at inflated levels. News of these impressive results caused Medivation's stock to shoot from $12 up to $35 over the course of 6 weeks.

However, the Company's statements were materially false and misleading because, contrary to the picture painted by Defendants with respect to the effectiveness of Dimebon, the

---

[2] The factual summary is taken from allegations common to all of the Actions.

NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP

- 2 -

DOCS\514074v2

1   results of the drug's disastrous first late-stage U.S. clinical trial which was released on March 3,

2   2010, cast serious doubt as to the basis of the earlier statements released by the Company.  In

3   fact, Medivation admitted in a statement that Dimebon had shown virtually no effect after six

4   months in treating the cognitive decline or behavioral problems associated with Alzheimer's and

5   was actually outperformed by a sugar pill placebo.  This news shocked Wall Street and caused

6   Medivation's stock to lose two-thirds of its market value in just one day.

7          As a result of Defendants' false and misleading statements, Medivation stock traded at

8   artificially inflated prices during the Class Period, reaching a high of $40.25 per share on March

9   2, 2010.  Such inflated stock prices permitted top Medivation officers/directors to sell shares of

10  their Company stock at inflated prices for proceeds of nearly $12 million.

11         The inflation in Medivation's stock price during the Class Period also permitted the

12  Company to complete a secondary offering of 3.1625 million shares of Medivation stock

13  (including the over-allotment) at $21 per share for proceeds of $62.4 million on May 27, 2009.

14                                          **ARGUMENT**

15  **I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

16         Pursuant to the PSLRA, the Court should first rule on motions to consolidate before

17  addressing the lead plaintiff/lead counsel issues.  *See*  15  U.S.C.  §78u-4(a)(3)(B)(ii).

18  Consolidation is appropriate where there are actions involving common questions of law or fact.

19  Fed. R. Civ. P. 42(a); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal.

20  1999); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976).

21         The two related actions pending before this Court are suited for consolidation.  The class

22  action complaints are all brought by purchasers of Medivation common stock.  The complaints

23  allege identical class periods and contain similar allegations charging Defendants with making

24  false and misleading statements concerning the effectiveness of the Company's main drug

25  product, Dimebon, as a treatment for Alzheimer's disease, making it impossible for shareholders

26  to gain a meaningful or realistic understanding of the drug's progress toward FDA approval and

27  market success.  *See Applestein* Action ¶¶ 19-52, *Shabanov* Action ¶¶ 25-47.

28

District courts have recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and/or reports. *See Taubenfeld v. Career Educ. Corp.*, No. 03 C 8884, 2004 U.S. Dist. LEXIS 4363, at *3-4 (N.D. Ill. Mar. 19, 2004); *In re Royal Ahold N.V. Sec. & Erisa Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003). The common factual bases, overlapping legal claims and defendants of the Actions warrant their consolidation.

## II.   DR. WERNER SHOULD BE APPOINTED LEAD PLAINTIFF

### A.      The Procedural Requirements Pursuant to the PSLRA

The PSLRA establishes a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i). This procedure is further detailed by the Ninth Circuit's decision in *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Applestein* action caused notice to be published through *Business Wire*, on March 9, 2010.[3] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be May 10, 2010. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in these Actions. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court

---

[3] *See* Sokolowski Decl. Ex. C. National news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title [] is the person or group of persons that --
>
> > (aa)   has either filed the complaint or made a motion in response to a notice...;
> >
> > (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B.   Dr. Werner is "The Most Adequate Plaintiff"

#### 1.   Dr. Werner's Motion is Timely

The time period in which class members may move to be appointed Lead Plaintiff in this case, under 15 U.S.C. § 78u-4(a)(3)(A) and (B), expires on May 10, 2010. Movant's application, filed May 10, 2010, is thus timely.

#### 2.   Dr. Werner Has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Ferrari v. Gisch,* 225 F.R.D. 599, 602 (C.D. Cal. 2004) (citing *In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002)).

Because the PSLRA does not provide a method for determining the relative financial interests of lead plaintiff movants, courts have adopted various methodologies, the most popular one being the "four factor" methodology that looks at: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the net expenditure; and (4) the approximate loss. *See Richardson v. TVIA, Inc.*, No. C-06-6304, 2007 U.S. Dist. LEXIS 28406 *11 (N.D. Cal. 2007)

1    (citing *Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866

2    (N.D. Ill. Aug. 11, 1997)).

3         Dr. Werner's financial interest under the four-factor methodology may be expressed as

4    follows:

| | Shares Purchased During Class Period | Net Class Period Shares | Net Value Expended During Class Period | Approx. Loss.[4] |
|---|---|---|---|---|
| **Dr. Marc Werner** | 2000 | 1700 | $64,711 | ($45,199) |

10

11         During the Class Period, as demonstrated by, among other things, the accompanying

12    Certification and chart showing Dr. Werner's Class Period transactions, Dr. Werner purchased

13    2000 shares of Medivation common stock at artificially inflated prices during the Class Period.

14    *See* Sokolowski Decl., Exs. B and C.  In this case, Dr. Werner did not have pre-Class Period

15    holdings of Medivation securities.  As such, under the LIFO, FIFO and four-factor analysis, Dr.

16    Werner incurred the same loss:  $45,199.  *See* Sokolowski Decl., Ex. B.

17         As demonstrated herein, Dr. Werner – having invested approximately $64,711 net and

18    losing approximately $45,199 under the FIFO, LIFO, and four-factor analyses – has a very large

19    financial interest in this case.  Upon information and belief, Dr. Werner's financial interest in this

20    matter is the largest of any anticipated competing lead plaintiff movant.  Therefore, Dr. Werner

21    is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C.

22    § 78u-4(a)(3)(B)(iii) and otherwise satisfies all of the PSLRA's prerequisites for appointment as

23    Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-

24    4(a)(3)(B).  *See* Sokolowski Decl., Ex. B.

25

26    ---
[4] The loss factor can be determined using either the First-In-First-Out methodology to offset
27    purchases and sales or the Last-in-First-Out method.  Dr. Werner's loss is the same under both
methodologies.

28

### 3.   Dr. Werner Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cavanaugh*, 306 F.3d. at 730. Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *Siegall v. Tibco Software, Inc.*, No. 05-2146, 2006 U.S. Dist. LEXIS 26780, *15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff . . . the requirements of 'typicality' and adequacy of representation are the key factors."). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV-06-31, 2006 U.S. Dist. LEXIS 40607, *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors."). As detailed below, Dr. Werner's claims are typical of those of other Class Members and he can adequately serve as Lead Plaintiff.

a. **Dr. Werner's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics*, No. 03-03709, 2005 U.S. Dist. LEXIS 41396, *13 (N.D. Cal. Aug. 9, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In this case, the typicality requirement is met because the claims of Dr. Werner are identical to, and non-competing and non-conflicting with, the claims of the other Class members. Movant satisfies the typicality requirement because, like all other Class members, he: (1) purchased or otherwise acquired Medivation securities during the Class Period; (2) purchased or otherwise acquired Medivation securities at prices artificially inflated as a result of the allegedly materially false and misleading statements and/or omissions; and (3) suffered economic loss thereby when the price of Medivation common stock declined when the misrepresentations made to the market, and/or the information alleged in the complaint to have been concealed from the market, were revealed, removing the inflation from Medivation's stock price. Therefore, Dr. Werner's claims are like the claims of each member of the class and "arise from the same event or course of conduct that gives rise to the claims of other class members." *Crossen*, 2005 U.S. Dist. LEXIS 41396, at *13-14. Dr. Werner is not subject to any unique or special defenses. Thus, Dr. Werner meets the typicality requirement of Fed. R. Civ. P. Rule 23 because his claims are the same as the claims of the other Class members

b. **Dr. Werner Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The adequacy of the lead plaintiff movant is based on whether the

interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B). *See also Miller v. Ventro Corp.*, No. C01-01287, 2001 U.S. Dist. LEXIS 26027, *44 (N.D. Cal. Nov. 28, 2001) (*citing Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive").

Dr. Werner's interests are aligned with those of the other members of the Class. There is no evidence of antagonism between Dr. Werner and the other Class members and he has a significant, compelling interest in prosecuting these Actions to a successful conclusion based upon his large financial loss of approximately $45,199. This motivation, combined with Dr. Werner's identical interests with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, as an ophthalmologist with a strong science and medical background, Dr. Werner is particularly well-suited to lead this litigation against this biopharmaceutical company on behalf of the Class. Finally, Dr. Werner has selected a law firm that is highly experienced in prosecuting securities class actions to represent Movant and the Class.

### III. THE COURT SHOULD APPROVE DR. WERNER'S CHOICE OF LEAD COUNSEL

Movant's choice of Lead Counsel satisfies the requirements of the PSLRA. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. The Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also In re Cavanaugh*, 306 F.3d 726. Movant has selected and retained Milberg to serve as Lead Counsel for the Class. Milberg possesses extensive experience

NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF
Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP

- 9 -

DOCS\514074v2

1 litigating securities class actions and has successfully prosecuted numerous securities class

2 actions on behalf of injured investors. *See* Sokolowski Decl., Ex. D (firm résumé of Milberg).

3       Milberg has served as lead or co-lead counsel in many high-profile class actions,

4 recovering billions of dollars for investors. *In re Tyco International Ltd., Sec. Litig.*, MDL No.

5 02-1335-B (D.N.H. 2002) ($3.2 billion); *In re Nortel Networks Corp., Sec. Litig.*, No. 01-CV-

6 1855 (S.D.N.Y.) ($1.1 billion); *In re Lucent Techs., Inc., Sec. Litig.*, No. 00-CV-621 (D.N.J.)

7 ($600 million settlement); *In re Raytheon Sec. Litig.*, 99-CV-12142 (E.D. Mass.) ($460 million

8 settlement); *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-CV-7527 (N.D. Ill.) ($215 million

9 settlement); and *In re Vivendi S.A., Sec. Litig.* (S.D.N.Y. Jan. 29, 2010) (securities class action

10 case that Milberg successfully tried to verdict, and in which Judge Richard J. Holwell

11 commended Milberg's litigation skills, stating, "I can only say that this is by far the best tried

12 case that I have had in my time on the bench. I don't think either side could have tried the case

13 better than these counsel have. The jury has spoken and that's the end of the trial. It was a

14 pleasure having you in the courtroom.") Milberg currently serves as lead counsel or as chair of

15 plaintiffs' executive committees in many high-profile securities actions pending throughout the

16 country, including lead counsel in the *In Re Oppenheimer Rochester Funds Group Securities*

17 *Litigation*, 09-md-02063-JLK-KMT (MDL Docket No. 2063). *See also* Sokolowski Decl., Ex.

18 D.

19 **IV. CONCLUSION**

20       For the reasons stated above, Movant satisfies the requirements of the PSLRA for

21 appointment as the most adequate plaintiff in this action and should be appointed Lead Plaintiff

22 pursuant to 15 U.S.C. § 78u-4(a)(3)(B). As the most adequate plaintiff, Movant respectfully

23 requests that the Court: (1) consolidate the related actions; (2) appoint Dr. Werner as Lead

24 Plaintiff pursuant to the PSLRA; (3) approve Dr. Werner's selection of Milberg as lead counsel

25 in this action and in any subsequently filed and/or related cases; and (4) grant such other and

26 further relief as the Court may deem just and proper.

27

28

NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF
Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP - 10 -

DOCS\514074v2

1   DATED:   May 10, 2010

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILBERG LLP
JEFF S. WESTERMAN
ANDREW SOKOLOWSKI


            */s/ Andrew J. Sokolowski*
          ANDREW J. SOKOLOWSKI

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA  90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975
E-mail: jwesterman@milberg.com
asokolowski@milberg.com

MILBERG LLP
ANNE MARIE VU
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229
E-mail:  avu@milberg.com

Attorneys for Plaintiff
and Proposed Lead Counsel

NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF
Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP

- 11 -

DOCS\514074v2

1

<u>CM/ECF CERTIFICATE OF SERVICE</u>

2

3
I hereby certify that on May 10, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

4

5
I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

6

7
I certify under penalty of perjury that the foregoing is true and correct.  Executed on May 10, 2010.

8

9
MATTHEW BOWMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTC OF MOT AND MOT OF PLTF MARC WERNER, M.D. FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL SELECTION; MEMO OF POINTS & AUTHORITIES IN SUPPORT THEREOF
Civil Action Nos. 3-10-CV-00988-MHP and 3-10-CV-01049-MHP

- 12 -

DOCS\514074v2