1  LAW OFFICES OF BRIAN BARRY
   BRIAN BARRY (135631)
2  1801 Avenue of the Stars, Suite 307
   Los Angeles, CA  90067
3  Telephone:  (310) 788-0831
   Facsimile:  (310) 788-0841
4  Email:  bribarry1@yahoo.com

5  BERNSTEIN LIEBHARD LLP
   SANDY A. LIEBHARD
6  U. SETH OTTENSOSER
   JOSEPH R. SEIDMAN, JR.
7  10 East 40th Street
   New York, NY  10016
8  Telephone: (212) 779-1414
   Facsimile:  (212) 779-3218

9

10              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
11

12 | DAVID APPLESTEIN, On Behalf of | CASE NO.:  3:10-CV-00998-MPH |

DAVID APPLESTEIN, On Behalf of
Himself and All Others Similarly Situated,

                    Plaintiff,

              vs.

MEDIVATION, INC., DAVID T. HUNG, C.
PATRICK MACHADO, LYNN SEELY,
ROHAN PALEKAR,

                    Defendants.

CASE NO.:  3:10-CV-00998-MPH

**MOTION OF CATOOSA
FUND, LP, TO CONSOLIDATE
RELATED CASES, BE
APPOINTED AS LEAD
PLAINTIFF, AND FOR
APPROVAL OF ITS CHOICE
OF COUNSEL**

DATE:  June 28, 2010
TIME:  2:00 p.m.
PLACE:  Courtroom 15, 18th Fl.

Hon. Marilyn Hall Patel

30548v1

1

2   | VADYM SHABANOV, On Behalf of        CASE NO.:  3:10-CV-010149-
3   | Himself and All Others Similarly Situated,   MPH

    | Plaintiff,

4

5   | vs.

6   | MEDIVATION, INC., DAVID T. HUNG, C.
7   | PATRICK MACHADO, LYNN SEELY,
8   | ROHAN PALEKAR,

9   | Defendants.

10

11

12

13

14

15

16

17

18          PLEASE TAKE NOTICE that class member Catoosa Fund, LP ("Catoosa")

19   hereby moves this Court pursuant to the Private Securities Litigation Reform Act of

20   1995, 15 U.S.C. § 78u-4, at the United States District Court for the Northern District

21   of California, before the Honorable Marilyn Hall Patel, on June 28, 2010, at 2:00 p.m.,

22   in Courtroom 15, for an Order: (a) consolidating the related cases; (b) appointing

23   Catoosa to serve as lead plaintiff; and (c) approving Catoosa's choice of counsel.  In

24

25   support of its motion, Catoosa submits:  (a) a Memorandum of Law, dated May 10,

26   2010; (b) a Declaration of Brian Barry, dated May 10, 2010; and (c) a (Proposed)

27

28

**MOTION OF CATOOSA FUND, LP, TO CONSOLIDATE RELATED CASES, BE APPOINTED AS LEAD**
**PLAINTIFF, AND FOR APPROVAL OF ITS CHOICE OF COUNSEL**          2

1   Order granting Catoosa's motion for consolidation of related cases, appointment as

2   lead plaintiff, and approval of choice of counsel.

3
    DATED:  May 10, 2010            Respectfully submitted,
4

5                                   LAW OFFICES OF BRIAN BARRY

6
                                     s/Brian Barry_____
7                                   Brian Barry
                                    1801 Avenue of the Stars, Suite 307
8                                   Los Angeles, CA 90067
                                    Telephone:  (310) 788-0831
9                                   Facsimile:  (310) 788-0841
                                    Email:  bribarry1@yahoo.com
10

11                                  *Liaison Counsel for Catoosa*

12
                                    BERNSTEIN LIEBHARD LLP
13                                  Sandy A. Liebhard
                                    U. Seth Ottensoser
14                                  Joseph R. Seidman, Jr.
                                    10 E. 40th Street
15                                  New York, NY  10016
                                    Telephone: (212) 779-1414
16                                  Facsimile:  (212) 779-3218
17
                                    *Counsel for Catoosa and Proposed Lead*
18                                  *Counsel for the Class*
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................ii

PRELIMINARY STATEMENT ............................................................1

STATEMENT OF FACTS ....................................................................1

ARGUMENT ........................................................................................2

I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED .......................2

    A.  The Court Should Resolve The Consolidation Issue  As A
        Prerequisite To The Determination Of Lead Plaintiff ...............................3

II. THE COURT SHOULD APPOINT CATOOSA AS LEAD PLAINTIFF..........3

    A.  The Procedure Required By The PSLRA .................................................3

        1.  Catoosa Is Willing To Serve As Class Representative...................4

        2.  Catoosa Is An Institutional Investor With The  Largest
            Financial Interest In The Relief Sought By The Class ...................5

        3.  Catoosa Satisfies The Requirements Of  Rule 23(a) Of The
            Federal Rules Of Civil Procedure....................................................8

III. CATOOSA'S CHOICE OF LEAD COUNSEL SHOULD BE
     APPROVED .........................................................................................9

CONCLUSION.....................................................................................11

1

# TABLE OF AUTHORITIES

## CASES

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) ...................................................................... 3

*Bowman v. Legato Sys.*,
  195 F.R.D. 655 (N.D. Cal. 2000) .............................................................................. 7

*Casden v. HPL Techs., Inc.*,
  2003 U.S. Dist. LEXIS 19606 (N.D. Cal. Sept. 29, 2003) ...................................... 3

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................ 10

*Gluck v. CellStar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ..................................................................... 9, 10

*Greebel v. FTP Software, Inc.*,
  939 F. Supp. 57 (D. Mass. 1996) .............................................................................. 8

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................ 10

*Hodges v. Akeena Solar, Inc.*, ................................................................................ 7
  263 F.R.D. 528 (N.D. Cal. 2009)

*In re Baan Co. Sec. Litig.*,
  186 F.R.D. 214 (D.D.C. 1999) .................................................................................. 8

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .................................................................................. 10

*In re Cendant Corp. Sec. Litig.*,
  264 F.3d 201 (3d Cir. 2001), *aff'd*,
  404 F.3d 173 (2005) .................................................................................................. 8

*In re Network Assocs. Sec. Litig.*,
  76 F. Supp. 2d 1017 (N.D. Cal. 1999) ...................................................................... 8

*In re Razorfish, Inc. Sec. Litig.*,
   143 F. Supp. 2d 304 (S.D.N.Y. 2001) ............................................................ 8-9

*Miller v. Ventro Corp.*,
   2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) ..................................................7

*Ravens v. Iftikar*,
   174 F.R.D. 651 (N.D. Cal. 1997) ......................................................................8

*Ruland v. Infosonics Corp.*,
   2006 WL 3746716 (S.D. Cal. Oct. 23, 2006)................................................7, 10

*Schulman v. Lumenis, Ltd.*,
   2003 WL 21415287 (S.D.N.Y. June 18, 2003) ..................................................8

*Tanne v. Autobytel, Inc.*, ......................................................................................7
   226 F.R.D. 659, 670 (C.D. Cal. 2005)

## STATUTES

15 U.S.C. § 78u-4(a)(1) ..........................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)(i) ..............................................................................4, 5

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ........................................................................ 5, 6

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................. 5, 6

15 U.S.C. § 78u-4(a)(3)(B)(ii) ...............................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...........................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)......................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)................................................................10,11

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ..........................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ...................................................... 12

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................... 11

Fed. R. Civ. P. 42(a) ...................................................................*passim*

H.R. Rep. No. 104-369 (1995), *as reprinted in*
1995 U.S.C.C.A.N. 730 ............................................................... 6-7

S. Rep. No. 104-98 (1995), *as reprinted in*
1995 U.S.C.C.A.N. 679 ................................................................... 9

**MISCELLANEOUS**

Elliot J. Weiss & John S. Beckerman,
*Let The Money Do The Monitoring:*
*How Institutional Investors Can Reduce Agency Costs*
*In Securities Class Actions,* 104 Yale L.J. 2053 (1995) ............................ 9

1

## PRELIMINARY STATEMENT

Presently pending before the Court are two related securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the common stock of Medivation, Inc. ("Medivation" or the "Company") during the period of July 17, 2008 and March 2, 2010, inclusive (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants are Medivation, David T. Hung, C. Patrick Machado, Lynn Seely and Rohan Palekar.

Class member Catoosa Fund, LP ("Catoosa") hereby moves this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (a) consolidating the captioned actions for all purposes; (b) appointing Catoosa as lead plaintiff in the Actions; and (c) approving Catoosa's choice of Bernstein Liebhard LLP ("Bernstein Liebhard") as lead counsel for the Class.

During the Class Period, Catoosa suffered losses of approximately $182,408. stemming from its investments in Medivation. Catoosa believes that its losses represent the largest financial interest in the outcome of the litigation.

## STATEMENT OF FACTS

Medivation is a biopharmaceutical company which focuses on the development of small molecule drugs for the treatment of Alzheimer's disease, Huntington's disease, and castration-resistant prostate cancer.

Plaintiffs allege Defendants violated the Exchange Act, specifically, that during the Class Period, defendants made false and misleading statements regarding the Company's drug Dimebon. Throughout the Class Period, defendants violated the federal securities laws by disseminating false and misleading statements to the investing public about the effectiveness of Dimebon as a treatment for Alzheimer's

disease, making it impossible for shareholders to gain a meaningful or realistic understanding of the drug's progress toward FDA approval and market success.

On March 3, 2010, before the market opened, defendants were forced to publicly disclose that Dimebon did not meet primary and secondary goals in a Phase 3 trial for patients with mild to moderate Alzheimer's disease.  As a result of this news, Medivation's stock plummeted $27.15 per share to close at $13.10 per share on March 3, 2010 – a one-day decline of 67% on volume of 45 million shares.

**ARGUMENT**

## I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact.  *See Casden v. HPL Techs., Inc.*, No. C-02-3510-VRW, 2003 U.S. Dist. LEXIS 19606, at *4-*5 (N.D. Cal. Sept. 29, 2003).  Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned.  *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999) ("It seems obvious that fifty-four separate class actions predicated on the same set of misstatements by corporate officials, causing an artificial inflation and then a corrective drop in share prices, present common questions of fact.").

The Actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues.  Each alleges the same violations of the Exchange Act, and is based on the same wrongful course of conduct.  Each names the Company and certain of its officers and/or directors as Defendants.  Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.

Accordingly, consolidation under Rule 42(a) is appropriate.

1

2

### A.  The Court Should Resolve The Consolidation Issue
### As A Prerequisite To The Determination Of Lead Plaintiff

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue "[a]s soon as practicable."  Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii).  As Catoosa has an interest in moving these actions forward, it respectfully urges the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District.

## II.  THE COURT SHOULD APPOINT CATOOSA AS LEAD PLAINTIFF

### A.  The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i).  The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response
> to a notice;

1          (bb)   in the determination of the court, has the largest financial
2                  interest in the relief sought by the class; and

3          (cc)   otherwise satisfies the requirements of Rule 23 of the
                  Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Catoosa satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against it. Therefore, Catoosa is entitled to the presumption that it is the most adequate lead plaintiff to represent Plaintiffs and, as a result, should be appointed lead plaintiff in the Actions.

## 1. Catoosa Is Willing To Serve As Class Representative

On March 9, 2010, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Medivation and certain of the Individual Defendants, and which advised putative class members that they had until May 10, 2010 to file a motion to seek appointment as a lead plaintiff in the action.[1]

Catoosa has reviewed one of the complaints filed in the pending actions and has timely filed its motion pursuant to the Notice. In doing so, Catoosa has attached its certification attesting to its willingness to serve as a representative party of the Class and provide testimony at deposition and trial, if necessary. *See* Barry Decl. Ex. B. Accordingly, Catoosa satisfies the first requirement to serve as lead plaintiff. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

---

[1] *See* Declaration of Brian Barry ("Barry Decl.") Ex. A.

MOTION OF CATOOSA FUND, LP, TO CONSOLIDATE RELATED CASES, BE APPOINTED AS LEAD PLAINTIFF, AND FOR APPROVAL OF ITS CHOICE OF COUNSEL    4

### 2.    Catoosa Is An Institutional Investor With The Largest Financial Interest In The Relief Sought By The Class

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members . . . ."  15 U.S.C. § 78u-4(a)(3)(B)(i).

The legislative history of the PSLRA demonstrates that it was intended to encourage institutional investors, such as Catoosa, to serve as lead plaintiff.   The explanatory report accompanying the PSLRA's enactment specifically states that:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest financial stake in the relief sought is the "most adequate plaintiff."
>
> \* \* \*
>
> The Conference Committee believes that . . . in many cases the beneficiaries of pension funds - small investors - ultimately have the greatest stake in the outcome of the lawsuit.  Cumulatively, these small investors represent a single large investor interest.  Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H.R. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733.

This Court, as well as others in this Circuit and around the country, have noted a Congressional preference to appoint institutional investors.  *See, e.g., Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at \*6 (N.D. Cal. Nov. 28, 2001) ("It was hoped that including a presumption in favor of the largest stakeholder would

give preference to institutional investors which would be in a better position to manage the litigation and to limit the influence of lawyers"); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 670 (C.D. Cal. 2005) ("the PSLRA was enacted to encourage institutional investors to take a more active role in securities litigation"); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) (noting PSLRA's preference for institutional investors); *Ruland v. Infosonics Corp.*, No. 06cv1231(BTM), 2006 WL 3746716, at *3 (S.D. Cal. Oct. 23, 2006) ("cases . . . explain that one of the principal purposes of the PSLRA was to prevent lawyer-driven litigation and to allow for institutional plaintiffs with big financial stakes and expertise in the area to serve as lead plaintiff and control the litigation"); *Bowman v. Legato Sys.*, 195 F.R.D. 655, 657 (N.D. Cal. 2000) (institutional investors are "exactly the type of lead plaintiff envisioned by Congress when it instituted the [PSLRA] lead plaintiff requirements . . . "); *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1020 (N.D. Cal. 1999) ("Congress expected that the lead plaintiff would normally be an institutional investor"); *Ravens v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997) (stating that Congress wanted to encourage large, sophisticated institutional investors to direct securities class actions, thereby supplanting the prior regime of "figurehead plaintiffs who exercise no meaningful supervision of litigation.").[2]

Indeed, Congress deemed institutional investors "presumptively most adequate to serve as lead plaintiffs in securities class actions." *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996). Furthermore, Congress believed that

---

[2] *See also Schulman v. Lumenis, Ltd.*, No. 02 CIV. 1989 (DAB), 2003 WL 21415287, at *2 (S.D.N.Y. June 18, 2003) (one purpose behind the PSLRA is "to ensure that 'parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiff's counsel.'") (citation omitted). "Congress believed that this could best be achieved by encouraging institutional investors to serve as lead plaintiffs." *Id. See also In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 244 (3d Cir. 2001), *aff'd*, 404 F.3d 173 (2005) ("Congress anticipated and intended that [institutional investors] would serve as lead plaintiffs.").

"increasing the role of institutional investors in class actions [would] ultimately benefit shareholders and assist courts by improving the quality of representation in securities class action." *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 221 (D.D.C. 1999). Congress reasoned that the empowerment of institutional investors would result in the appointment of lead plaintiffs that can best prosecute the claims and are best able to negotiate with and oversee counsel. *See In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 309 (S.D.N.Y. 2001) (stating that Congress intended that "institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation . . ."); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("The legislative history of the Reform Act is replete with statements of Congress' desire to put control of such litigation in the hands of large, institutional investors.").

This presumption is rooted in Congress' belief that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts." S. Rep. No. 104-98, at 11 (1995), as reprinted in 1995 U.S.C.C.A.N. 679, 690. In reaching this conclusion, Congress reasoned that:

> Institutions' large stakes give them an incentive to monitor, and institutions have or readily could develop the expertise necessary to assess whether plaintiffs' attorneys are acting as faithful champions for the plaintiff class.

Elliot J. Weiss & John S. Beckerman, *Let The Money Do The Monitoring: How Institutional Investors Can Reduce Agency Costs In Securities Class Actions*, 104 Yale L.J. 2053, 2095 (1995) ("Weiss & Beckerman"). *See also* S. Rep. No. 104-98, at 11 n.32 (noting that Weiss & Beckerman provided "the basis for the 'most adequate plaintiff' provision.").

As an institutional investor, Catoosa is well-suited to lead these Actions. In fact, Catoosa principal and general partner Robert Lawton has submitted in support of this motion a declaration attesting that he has "all the motive in the world to ensure the

best possible result for the Class."  Lawton Decl. ¶¶1, 4.  During the Class Period, Catoosa lost $182,408.  *See* Barry Decl. Ex. C.  As an institutional investor with significant resources dedicated to overseeing and supervising the prosecution of the litigation, Catoosa will be able to actively represent the Class and "drive the litigation" to ensure that the Class obtains the best recovery possible and implement corporate governance changes to correct the environment which allowed this fraud to take place and to prevent a recurrence ever again.  *See Gluck*, 976 F. Supp. at 549 (citation omitted).

### 3.   Catoosa Satisfies The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also state that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class.  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004); *Ruland v. InfoSonics Corp.*, No. 06CV1231, 2006 WL 3746716, at *2 (S.D. Cal. Oct. 23, 2006).

Claims are "typical" under Rule 23 if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Ferrari*, 225 F.R.D. at 606 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).  Likewise, Rule 23(a) also requires that the person(s) representing the class be able to "'fairly and adequately protect the interests' of all members in the class."  *Ferrari*, 225 F.R.D. at 607 (citation omitted).

The claims asserted by Catoosa are typical of those of the Class.  Catoosa, like the members of the Class, acquired shares of Medivation during the Class Period at

prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, its claims are typical, if not identical, to those of the other members of the Class because Catoosa suffered losses similar to those of other Class members and its losses result from Defendants' common course of conduct. Accordingly, Catoosa satisfies the typicality requirement of Rule 23(a)(3).

Catoosa is also an adequate representative for the Class. There is no antagonism between its interests and those of the Class. Moreover, Catoosa has retained counsel highly experienced in prosecuting securities class actions, and will submit its choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Catoosa has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

### III. CATOOSA'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Catoosa has selected and retained Bernstein Liebhard as the proposed lead counsel for the Class. Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. See Barry Decl. Ex. D for the firm resume of Bernstein Liebhard. As a result,

the Court may be assured that by approving Bernstein Liebhard as lead counsel, the Class is receiving the best legal representation available.

Bernstein Liebhard has frequently been appointed as lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. Indeed, *The National Law Journal* has recognized Bernstein Liebhard for six consecutive years as one of the top plaintiffs' firms in the country. Of the thirteen firms named to the list in 2007, Bernstein Liebhard is one of only two named six years in a row. Bernstein Liebhard has also been listed in *The Legal 500*, a guide to the best commercial law firms in the United States, for the past three years.

Four of Bernstein Liebhard's recent outstanding successes include:

•   *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

•   *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million. This settlement is in addition to a $350 million European settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

•   *In re Deutsche Telekom AG Securities Litigation*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

•   *In re Cigna Corp. Securities Litigation*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard partner Stanley Bernstein serves as Chairman of the Executive Committee in *Initial Public Offering Securities Litigation ("IPO")*, No. 21 MC 92 (SS) (S.D.N.Y. 2009), pending in this Court before Judge Shira Scheindlin.

1   The *IPO* litigation is one of the biggest securities class actions ever prosecuted.  On

2   October 5, 2009, the Court granted final approval to a $586 million settlement.

3   **CONCLUSION**

4       For the foregoing reasons, Catoosa respectfully requests that this Court:  (1)

5   consolidate the captioned, and all subsequently-filed, related actions; (2) appoint

6   Catoosa as lead plaintiff for the Class in the Actions and all subsequently-filed, related

7   actions; and (3) approve Bernstein Liebhard as lead counsel for the Class.

8   DATED:  May 10, 2010              Respectfully submitted,

9

10                                   LAW OFFICES OF BRIAN BARRY

11                                   __*s/Brian Barry*_____
                                     Brian Barry
12                                   1801 Avenue of the Stars, Suite 307
                                     Los Angeles, CA 90067
13                                   Telephone:  (310) 788-0831
                                     Facsimile:  (310) 788-0841
14                                   Email:  bribarry1@yahoo.com

15
                                     *Liaison Counsel for Catoosa*
16

17                                   BERNSTEIN LIEBHARD LLP
                                     Sandy A. Liebhard
18                                   U. Seth Ottensoser
19                                   Joseph R. Seidman, Jr.
                                     10 E. 40th Street
20                                   New York, NY  10016
21                                   Telephone: (212) 779-1414
                                     Facsimile:  (212) 779-3218
22

23                                   *Counsel for Catoosa and Proposed Lead
                                     Counsel for the Class*
24

25

26

27

28

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California  90067.

On May 10, 2010, I caused to be served the following documents:

1.      **MOTION OF CATOOSA FUND, LP, TO CONSOLIDATE RELATED CASES, BE APPOINTED AS LEAD PLAINTIFF, AND FOR APPROVAL OF ITS CHOICE OF COUNSEL**

2.      **DECLARATION OF BRIAN BARRY IN SUPPORT OF CATOOSA FUND, LP'S MOTION TO CONSOLIDATE RELATED CASES, BE APPOINTED AS LEAD PLAINTIFF, AND FOR APPROVAL OF ITS CHOICE OF COUNSEL**

3.      **DECLARATION OF ROBERT LAWTON**

4.      **[PROPOSED] ORDER CONSOLIDATING RELATED CASES, APPOINTING LEAD PLAINTIFF, AND APPROVING CHOICE OF COUNSEL**

By posting these documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the following parties:

**See Attached Service List.**

And  by US mail to all known non-ECF registered parties.

**See Attached Service List.**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 10, 2010, at Los Angeles, California.

*s/ Brian Barry*
Brian Barry

1

<u>**MANUAL SERVICE LIST**</u>

2

Medivation, Inc.
201 Spear Street, 3rd Floor

3

San Francisco, CA 94105                    *For Medivation, Inc. (Defendant)*

4

David T. Hung
201 Spear Street, 3rd Floor

5

San Francisco, CA 94105                    *For David T. Hung (Defendant)*

6

C. Patrick Machado
201 Spear Street, 3rd Floor

7

San Francisco, CA 94105                    *For C. Patrick Machado (Defendant)*

8

Lynn Seely
201 Spear Street, 3rd Floor

9

San Francisco, CA 94105                    *For Lynn Seely (Defendant)*

10

Rohan Palekar
201 Spear Street, 3rd Floor

11

San Francisco, CA 94105                    *For Rohan Palekar (Defendant)*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:10-cv-01049-MHP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Z. Glancy**
  info@glancylaw.com

- **Michael M. Goldberg**
  info@glancylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`