```
 1  IZARD NOBEL LLP
    Mark P. Kindall (138703)
 2  29 South Main Street, Suite 215
 3  West Hartford, Connecticut  06107
    Tel.:  (860) 493-6292
 4  Fax:   (860) 493-6290
    mkindall@izardnobel.com
 5
 6  [Proposed] Lead Counsel for Plaintiff
```

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## AT SAN FRANCISCO

---------------------------------------------------------------x

| | |
|---|---|
| DAVID APPLESTEIN, Individually and on Behalf Of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) ) ) ) ) MEDIVATION, INC., DAVID T. HUNG, C. PATRICK MACHADO, LYNN SEELY and ROHAN PALEKAR, ) ) ) ) Defendants. ) | No. CV 10-0998 MHP  **CLASS ACTION**  **NOTICE OF MOTION AND MOTION OF MARK SLOTKIN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**  DATE: June 14, 2010 TIME: 2 PM CTRM: 15, 18th Floor JUDGE: Hon. Marilyn H. Patel |

---------------------------------------------------------------x
---------------------------------------------------------------x

| | |
|---|---|
| VADYM SHABANOV, Individually and on Behalf Of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) MEDIVATION, INC., DAVID T. HUNG, C. PATRICK MACHADO, LYNN SEELY and ROHAN PALEKAR, ) ) ) ) Defendants. ) | No. CV 10-1049 MHP |

---------------------------------------------------------------x

```
---------------------------------------------------------------x
MARK SLOTKIN, Individually and on Behalf   )
Of All Others Similarly Situated,          )        No. CV 10-02005 JW
                                           )
                    Plaintiff,             )
     vs.                                   )
                                           )
MEDIVATION, INC., DAVID T. HUNG, C.        )
PATRICK MACHADO, LYNN SEELY and            )
ROHAN PALEKAR,                             )
                    Defendants.            )
---------------------------------------------------------------x
```

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 14, 2010, at 2 P.M., or as soon thereafter as the matter may be heard before the Honorable Marilyn Patel, United States District Judge for the Northern District of California at San Francisco, in Courtroom 15, Class Member Mark Slotkin ("Slotkin") will, and hereby does, move this Court for an order (i) consolidating the above-referenced actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointing Slotkin as Lead Plaintiff in this consolidated action pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (ii) approving Slotkin's choice of Izard Nobel LLP to serve as Lead Counsel.

This motion is made on grounds that Slotkin is the "most adequate plaintiff" pursuant to Section 21D(a)(3)(B) of the 1934 Act. Moreover, Slotkin meets the relevant requirements of Fed. R. Civ. P. 23 in that his claims are typical of the other Class Members' claims and he will fairly and adequately represent the Class. In support of this Motion, Slotkin submits herewith a Memorandum of Points and Authorities and the Declaration of Mark P. Kindall.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **STATEMENT OF ISSUES TO BE DECIDED**

Presently pending in this District are three related class actions on behalf of those who purchased common stock and/or call options and/or sold put options in Medivation, Inc. ("Medivation" or the "Company") between July 17, 2008 through March 2, 2010 (the "Class" and the "Class Period") pursuant to the 1934 Act.[1]

---

[1] The three related actions are: *David Applestein v. Medivation, Inc., et al.*, cv 10-0998 MHP; *Vadym Shabanov v. Medivation, Inc., et al.*, cv 10-1049 MHP; and *Slotkin v. Medivation, Inc., et*

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP

Here, the above-referenced related actions should be consolidated because they each involve similar issues of law and fact and Slotkin should be appointed as lead plaintiff because: (i) his motion is timely as it is filed within 60 days of the first published notice of this class action litigation against defendants; and (ii) Slotkin is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B), because he has the largest financial interest of any Lead Plaintiff Movant in the relief sought by the Class, and otherwise meets the requirements of Fed.R. Civ. P. 23(a).  Finally, Slotkin's selection of Izard Nobel LLP as Lead Counsel should be approved, as Izard Nobel LLP has substantial experience prosecuting securities class action litigation.

## II.   SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

Medivation is a biopharmaceutical company which focuses on the development of small molecule drugs for the treatment of Alzheimer's disease, Huntington's disease, and castration-resistant prostate cancer.   By its Complaint, filed on March 9, 2010 Plaintiff alleged, *inter alia*, that Medivation  and certain of its officers and directors (collectively "defendants") violated Sections 10(b) and 20(a) of the 1934 Act and Rule 10b-5 promulgated thereunder by making materially false statements concerning the Company's drug Dimebon. Specifically, throughout the Class Period, defendants violated the federal securities laws by disseminating false and misleading statements to the investing public about the effectiveness of Dimebon as a treatment for Alzheimer's disease. Then, on March 3, 2010, before the market opened, defendants were forced to publicly disclose that Dimebon did not meet primary and secondary goals in a Phase 3 trial for patients with mild to moderate Alzheimer's disease. As a result of this news, Medivation's stock plummeted $27.15 per share to close at $13.10 per share on March 3, 2010 – a one-day decline of 67%.  This caused real economic loss to investors who purchased the

---

*al.*, cv 10- 02005 JW.  While the *Applestein* and *Shabanov* actions only allege claims on behalf of common stock purchasers, the action filed by *Slotkin* (Kindall Declaration, Exhibit C), asserts claims on behalf of persons who purchased common stock and/or call options and/or sold put options of Medivation during the Class Period and were damaged thereby.

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP

common stock and/or call options of Medivation and/or sold put options of Medivation during the Class Period.

### III. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Section 21(a)(3)(B)(iii) of the 1934 Act provides:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered . . .

*See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).[2]

The related Actions are suited for consolidation. The class action complaints are all brought by persons who were damaged as a result of their transactions in Medivation securities alleging identical class periods and containing similar allegations concerning defendants' material misrepresentations in violation of the 1934 Act. While district courts have significant discretion in determining the propriety of consolidation, they have recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same facts and or subject matter and the same discovery will be relevant in all actions. *See Weisz v. Calpine Corp.,* No. 4:02-cv-1200, 2002 WL 32818827, at *2 (N.D. Cal. Aug. 19, 2002). Courts often consolidate actions on behalf of common stock purchasers with actions involving securities. *See Aronson v. McKesson HBOC, Inc.,* 79 F. Supp 1146, 1150 (N.D. Cal. 1999) (consolidating fifty-four separate actions, several of the

---

[2] *See also* Fed. R. Civ. P. 42(a): "Consolidation. If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP

consolidated actions were on behalf of classes of persons whose transactions involved securities other than common stock). These actions should therefore be consolidated.

## IV. SLOTKIN SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A. The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the 1934 Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(1). Under the first step of this procedure, the plaintiff who files a putative class action under the Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published. *See* 15 U.S.C. §78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(I). The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The PSLRA further provides the presumption that the claimant with the largest loss should serve as lead plaintiff may be rebutted upon proof by a member of the purported plaintiff

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP

5

class that such claimant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Mohanity v. Big Band Networks, Inc.*, No. 07-5101, 2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008).

### B. The Notice Requirements Under The PSLRA Have Been Satisfied

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied. On March 9, 2010 Coughlin Stoia Geller Rudman & Robbins LLP (now known as Robbins Geller Rudman & Dowd LLP) caused a notice to be published on *Business Wire* that advised persons who suffered losses from transactions in Medivation securities during the Class Period of (i) the pendency of a securities class action against defendants, (ii) the claims asserted on behalf of the Class and (iii) the right of any Class Member to move the court to serve as lead plaintiff within the 60-day period (by May10, 2010) (the "Notice"). *In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998); *In re Nice Sys. Sec. Litig.,* 188 F.R.D. 206, 216 (D.N.J. 1999).[3]

### C. Slotkin Has The Largest Financial Interest In The Relief Sought By The Class

According to the information provided in the Certification of Named Plaintiff submitted by Slotkin (Kindall Declaration, Exhibit A), Mr. Slotkin sold put options of Medivation during the Class Period and sustained estimated losses of approximately $650,550. Slotkin knows of no other Class Member who has sought to be Lead Plaintiff that possesses a larger financial interest in this litigation. Based on his significant losses, Slotkin has "the largest financial interest in the relief sought" by the Class.

---

[3] A copy of the Notice is attached as Exhibit B to the Kindall Declaration.

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP

### D. Slotkin Has Satisfied The Other Requirements Of The PSLRA

Slotkin has satisfied each of the other requirements of the PSLRA. First, he has signed a certification, under oath, which:

(i) states that he has authorized the filing of the Complaint;

(ii) states that he did not purchase Medivation securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

(iii) states that he is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv) sets forth all of his transactions in the securities of Medivation;

(iv) states that he has not sought to serve, nor has he served, as a representative party on behalf of a class in any private federal securities action; and

(v) states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery.

*See* 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi); *Richardson v. TIVA, Inc.*, 06-06304, 2007 WL 1129344, at *3 (N.D. Cal. April 16, 2007).[4]

Second, according to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." As interpreted by the courts, that provision of the PSLRA requires the proposed Lead Plaintiff to demonstrate that (i) the claims of the proposed lead plaintiff are typical of the claims of the class and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class. *See In re*

---

[4] Although there are two other requirements under Fed. R. Civ. P. 23(a), numerosity and commonality, at this stage of the litigation a proposed lead plaintiff need only make a preliminary showing that he satisfy the typicality and adequacy requirements of Rule 23. *Eichenholtz v. Verifone Holdings, Inc.*, C07-06140 MHP, 2008 WL 3925289, at *1 (N.D. Cal Aug. 22, 2008).

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP

1  *Century Aluminum Company Secs. Litig.,* C 09-1001 SI, 2009 WL 2905962 (N.D. Cal. Sept 8,
2  2009)*; Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999).

3        The "typicality" requirement of Rule 23(a)(3) is satisfied where the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct.  *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001).  The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed lead plaintiff does not have interests antagonistic to the proposed class, and where the proposed lead plaintiff's counsel is qualified and experienced.  *In re Applied Signal Technology, Inc. Secs. Litig.*, C05-1027, 2005 WL 1656886 at *3 (N.D. Cal July 14, 2005).  Here, Slotkin's claims are typical of those claims belonging to all Class Members.  Slotkin, like all Class Members, maintains that he suffered losses due to defendants' materially false statements in violation of the federal securities laws.  Further, Slotkin's interests are clearly aligned with those of the Members of the Class, and there is no evidence of any antagonism between his interests and those of the Class.  Slotkin has also demonstrated that he will adequately represent the interests of the class by having obtained qualified and experienced counsel, and by filing a Complaint and submitting a Certification of Named Plaintiff to the Court indicating that he is willing to assume the responsibilities of lead plaintiff and class representative.  Accordingly, Slotkin has shown that his claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and that he will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

       **E.**    **The Court Should Approve Slotkin's Selection Of Lead Counsel**

       The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class."  *See* Statement of Managers – "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily ed. Nov. 28, 1995).

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP

The Court should approve Slotkin's selection of Izard Nobel LLP as Lead Counsel. As detailed in its firm resume (Kindall Declaration, Exhibit D), Izard Nobel LLP has extensive experience in the area of securities class action litigation. Thus, the Court may be assured that the Class will receive the highest caliber of legal representation to vigorously advance its interests.

## V. CONCLUSION

For the foregoing reasons, Slotkin respectfully requests that this Court consolidate the related actions, appoint him to serve as Lead Plaintiff on behalf of the Class and approve his selection of Izard Nobel LLP as Lead Counsel.

Dated: May 10, 2010                        Respectfully submitted,

                                           IZARD NOBEL LLP

                                           By:   /s/ Mark P. Kindall
                                           Mark P. Kindall (138703)
                                           29 South Main Street, Suite 215
                                           West Hartford, Connecticut  06107
                                           Tel.:  (860) 493-6292
                                           Fax:   (860) 493-6290
                                           mkindall@izardnobel.com

Of Counsel:
Jeffrey S. Nobel
Nancy A. Kulesa
IZARD NOBEL LLP
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:   (860) 493-6290

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2010 this document was filed electronically and served via U.S. mail on all parties not registered electronically. Notice of this filing will be sent by e-mail to all parties denoted on the attached Electronic Mail Notification List by the Court's electronic filing system.

/s/ Mark P. Kindall
Mark P. Kindall (138703)
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:   (860) 493-6290
mkindall@izardnobel.com

# Mailing Information for a Case 3:10-cv-00998-MHP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dennis J. Herman**
  dennish@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com
- **Catherine J. Kowalewski**
  katek@rgrdlaw.com
- **John Allen Lowther , IV**
  john@doylelowther.com
- **Rosemary M. Rivas**
  rrivas@finkelsteinthompson.com,srenwick@finkelsteinthompson.com,mpunzalan@finkelsteinthompson.com,ttien@finkelsteinthompson.com,jdito@finkelsteinthompson.com
- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP

- **David Conrad Walton**
  davew@rgrdlaw.com
- **Shawn A. Williams**
  shawnw@rgrdlaw.com,travisd@rgrdlaw.com,ptiffith@rgrdlaw.com,cwood@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

Memorandum of Points and Authorities in Support of Motion of Mark Slotkin for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 10-0998MHP