LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:      (310) 201-9160
E-mail:          info@glancylaw.com

Attorneys for Plaintiffs and
Proposed Lead Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID APPLESTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MEDIVATION, INC., DAVID T. HUNG, C. PATRICK MACHADO, LYNN SEELY and ROHAN PALEKAR,<br><br>　　　　　　Defendants. | No. 10-cv-00998-MHP<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 28, 2010<br>Time: 2:00 p.m.<br>Courtroom 15, 18th Floor<br>Honorable Marilyn H. Patel |
| VADYM SHABANOV, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MEDIVATION, INC., DAVID T. HUNG, C. PATRICK MACHADO, LYNN SEELY and ROHAN PALEKAR,<br><br>　　　　　　Defendants. | |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on Monday, June 28, 2010, at 2:00 p.m. or as soon thereafter as the matter can be heard in the courtroom of the Honorable Marilyn Hall Patel, situated at 450 Golden Gate Ave., San Francisco, California, lead plaintiff movant Joon Oh (hereinafter "Movant") will move, and hereby does move, for entry of an Order (a) consolidating the above-captioned related actions, (b) appointing Joon Oh as lead plaintiff, and (c) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class.

Movant seeks consolidation of the related actions pursuant to Federal Rule of Civil Procedure 42(a), and appointment as lead plaintiff and approval of lead counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Michael Goldberg and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

Lead plaintiff Movant Joon Oh respectfully submits the following memorandum of points and authorities in support of his motion for consolidation of related actions, appointment as lead plaintiff and approval of lead counsel.

## I.   FACTUAL BACKGROUND

This is a securities class action on behalf of all purchasers of the common stock of Medivation, Inc. ("Medivation" or the "Company") between July 17, 2008 and March 2, 2010,

No. 10-cv-00998-MHP
NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

1

inclusive (the "Class Period"), against Medivation and certain of its executive officers and/or directors for violations of the Securities Exchange Act of 1934 (the "Exchange Act").

Medivation is a biopharmaceutical company with small molecule drugs in clinical development to treat three diseases: Alzheimer's disease, Huntington's disease and castration-resistant prostate cancer. During the Class Period, Medivation co-partnered with Pfizer, Inc. ("Pfizer") in the United Stated and overseas on Dimebon, under the generic name latrepirdine – an experimental drug for Alzheimer's disease, which failed to benefit patients in an advanced study. causing millions of dol1ars in market capitalization losses.

The complaints on file in this action allege that during the Class Period defendants made false and misleading statements regarding Medivation's business and financial prospects. Specifically, throughout the Class Period defendants disseminated false and misleading statements to the investing public about the effectiveness of Dimebon as a treatment for Alzheimer's disease, making it impossible for shareholders to gain a meaningful or realistic understanding of the drug's progress toward FDA approval and market success.

Then, on March 3, 2010, before the market opened, defendants were forced to publicly disclose that Dimebon did not meet primary and secondary goals in a Phase 3 trial for patients with mild to moderate Alzheimer's disease. The trial further demonstrated that in some cases patients taking a placebo fared better than patients taking Dimebon.

As a result of this news, Medivation's stock plummeted $27.15 per share, to close at $13.10 per share on March 3, 2010 -- a one-day decline of 67% on volume of 45 million shares, which was nearly 72 times the average three-month daily volume.

Plaitniffs allege that as a result of defendants' false and misleading statements, Medivation common stock traded at artificially inflated prices during the Class Period, reaching a high of $40.25 per share on March 2, 2010. The inflation in Medivation's stock price during the Class Period

No. 10-cv-00998-MHP
NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

2

permitted the Company to complete a secondary offering of 3.1625 million shares of Medivation stock (including the over-allotment) on May 27, 2009, at $21.00 per share for proceeds of $62.4 million.

## II. PROCEDURAL HISTORY

Plaintiff David Applestein commenced the first of the above-captioned related actions on March 9, 2010, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service. *See* Declaration of Michael Goldberg In Support of Motion of Joon Oh for Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration") at Exhibit A.

In addition to the *Applestein* action, a related action subsequently was filed in this District naming the same defendants, and alleging the same factual events and the same legal bases for their claims, specifically Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. 10b-5 (collectively, the "Related Actions"). Each of the Related Actions is reflected above in the caption of this document.

Movant brings the instant motion for, *inter alia*, appointment as lead plaintiff pursuant to the *Applestein* complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of plaintiff Applestein's March 9, 2010 notice.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id.*

No. 10-cv-00998-MHP
NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

3

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all Related Actions. Accordingly, consolidation under Rule 42(a) is appropriate.

### B. Joon Oh Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice. . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant Joon Oh satisfies all three of these criteria and thus is entitled to the presumption that he is the "most adequate plaintiff" for the Class.

### 1. Movant Is Making A Motion In Response To A Notice

Plaintiff David Applestein commenced the instant action on March 9, 2010, and on that day, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff published a notice of pendency of

No. 10-cv-00998-MHP
NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

4

plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against defendants herein, and advising purchasers of Medivation securities that they had 60 days from the date of the March 9, 2010, notice to file a motion to be appointed as lead plaintiff. Movant files the instant motion pursuant to the *Applestein* complaint and published notice, and submits herewith his sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

### 2.     **Movant Has The Largest Financial Interest In This Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).

During the Class Period, Joon Oh purchased 4,970 shares of Medivation stock at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as result, Movant has suffered financial losses of $116,398.02. *See* Goldberg Declaration, Exhibit C.

To the best of his knowledge, Movant believes that he has the largest known financial interest in this case of any Class member who timely filed an application for appointment as lead plaintiff, and thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

### 3.     **Joon Oh Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a

No. 10-cv-00998-MHP
NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

5

party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *City of Harper Woods Employees Retirement System v. AXT, Inc.,* 2005 WL 318813, *3 (N.D. Cal. Feb. 7, 2005)("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23").

### a.   Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992).

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Medivation's business, operations and financial prospects. Movant, like all of the members of the Class, purchased Medivation shares during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Thus, Movant's claims are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

No. 10-cv-00998-MHP
NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

6

### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs. Inc.*, 67 F.Supp. 2d 1129, 1133 (C.D. Cal. 1999) (*citing In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137 (citation omitted).

Joon Oh has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is willing and able to take an active role in and control the litigation. Movant has communicated with experienced counsel concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware of any antagonism between his interests and those of other Class members. Moreover, Movant has sustained substantial financial losses – in excess of $116,000 – from his investments in Medivation stock and is, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C.

### 4. Movant Joon Oh Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Joon Oh is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant believes that he has the largest financial interest in this case among Class members who timely filed motions for appointment as lead plaintiff. Movant's ability to fairly and adequately

No. 10-cv-00998-MHP
NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

7

represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. In addition, Movant has selected and retained competent and experienced counsel to represent him and the Class. *See Richardson v. TVIA, Inc.* 2007 WL 1129344, *4-*5 (N.D.Cal. April 16, 2007)("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation"). Accordingly, Peter Pham should be appointed lead plaintiff for the Class.

### B. The Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. *See Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiff's lead counsel, in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé, attached to the Goldberg Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

### IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) consolidating the related actions, (b) appointing Joon Oh as lead plaintiff, and (c) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel, and granting such other relief as the Court may deem just and proper.

Dated: May 10, 2010                                Respectfully submitted,

                                                   **GLANCY BINKOW & GOLDBERG LLP**

                                                   By:   /s/ *Michael Goldberg*
                                                             Lionel Z. Glancy

No. 10-cv-00998-MHP
NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

8

Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

***Attorneys for Movant and***
***Proposed Lead Counsel***

No. 10-cv-00998-MHP
NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

9

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On May 10, 2010, I caused to be served the following document:

**1. NOTICE OF MOTION AND MOTION OF JOON OH FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**2. DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF JOON OH FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**3. [PROPOSED] ORDER GRANTING MOTION OF JOON OH FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

By posting these documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the following parties:

**See Attached Service List.**

And by US mail to all known non-ECF registered parties.

**See Attached Service List.**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 10, 2010, at Los Angeles, California.

*s/ Michael Goldberg*
Michael Goldberg

## MANUAL SERVICE LIST

| | |
|---|---|
| Medivation, Inc.<br>201 Spear Street, 3rd Floor<br>San Francisco, CA 94105 | *For Medivation, Inc. (Defendant)* |
| David T. Hung<br>201 Spear Street, 3rd Floor<br>San Francisco, CA 94105 | *For David T. Hung (Defendant)* |
| C. Patrick Machado<br>201 Spear Street, 3rd Floor<br>San Francisco, CA 94105 | *For C. Patrick Machado (Defendant)* |
| Lynn Seely<br>201 Spear Street, 3rd Floor<br>San Francisco, CA 94105 | *For Lynn Seely (Defendant)* |
| Rohan Palekar<br>201 Spear Street, 3rd Floor<br>San Francisco, CA 94105 | *For Rohan Palekar (Defendant)* |

# Mailing Information for a Case 3:10-cv-01049-MHP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Z. Glancy**
  info@glancylaw.com

- **Michael M. Goldberg**
  info@glancylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

Case3:10-cv-00998-MHP Document35 Filed05/10/10 Page14 of 14