| | |
|---|---|
| 1 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP |
| 2 | DENNIS J. HERMAN (220163)<br>100 Pine Street, Suite 2600 |
| 3 | San Francisco, CA  94111<br>Telephone:  415/288-4545 |
| 4 | 415/288-4534 (fax)<br>dherman@rgrdlaw.com |
| 5 |      – and –<br>DARREN J. ROBBINS (168593) |
| 6 | DANIELLE S. MYERS (259916)<br>655 West Broadway, Suite 1900 |
| 7 | San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 8 | 619/231-7423 (fax)<br>darrenr@rgrdlaw.com |
| 9 | danim@rgrdlaw.com |
| 10 | [Proposed] Lead Counsel for Plaintiffs |

11   UNITED STATES DISTRICT COURT

12   NORTHERN DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| 13 | DAVID APPLESTEIN, Individually and on<br>Behalf of All Others Similarly Situated, | ) | No. 3:10-cv-00998-MHP |
| 14 | | ) | <u>CLASS ACTION</u> |
| | Plaintiff, | ) | |
| 15 | | ) | HOPSON FAMILY INVESTMENTS, INC.'S |
| | vs. | ) | NOTICE OF MOTION AND MOTION FOR |
| 16 | | ) | CONSOLIDATION, APPOINTMENT AS |
| | MEDIVATION, INC., et al., | ) | LEAD PLAINTIFF AND FOR APPROVAL |
| 17 | | ) | OF LEAD PLAINTIFF'S SELECTION OF |
| | Defendants. | ) | LEAD COUNSEL; MEMORANDUM OF |
| 18 | | ) | LAW IN SUPPORT THEREOF |

| | | |
|---|---|---|
| 19 | DATE: | June 21, 2010 |
| | TIME: | 2:00 p.m. |
| 20 | COURTROOM: | 15 |

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ....................................................................2

III. STATEMENT OF FACTS ....................................................................................................2

IV. ARGUMENT .........................................................................................................................3

    A. The Actions Should Be Consolidated ......................................................................3

    B. Hopson Family Investments Should Be Appointed Lead Plaintiff .........................3

        1. This Motion Is Timely ..................................................................................4

        2. Hopson Family Investments Has the Largest Financial Interest in the Relief Sought by the Class .......................................................................4

        3. Hopson Family Investments Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ..................................................................4

    C. The Court Should Approve Hopson Family Investments' Selection of Counsel ......................................................................................................................5

V. CONCLUSION ......................................................................................................................6

**NOTICE OF MOTION AND MOTION  
AND STATEMENT OF COURT ACTION SOUGHT**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on June 21, 2010, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 15 of the Honorable Marilyn Hall Patel, Hopson Family Investments, Inc. ("Hopson Family Investments") will move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the two related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing Hopson Family Investments as lead plaintiff; and (3) approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel. This Motion is made on the grounds that Hopson Family Investments is the "most adequate plaintiff" to serve as lead plaintiff. In support of this Motion, Hopson Family Investments submits herewith a Memorandum of Law and Declaration of Danielle S. Myers ("Myers Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Presently pending in this district are two securities class action lawsuits (the "Actions") on behalf of all purchasers of Medivation, Inc. ("Medivation" or the "Company") common stock between July 17, 2008 and March 2, 2010 (the "Class Period") against Medivation and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act"): *Applestein v. Medivation, Inc.*, No. CV 10-0998 and *Shabanov v. Medivation, Inc.*, No. CV 10-1049. In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C.

§78u-4(a)(3)(B)(i). Hopson Family Investments should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Hopson Family Investments' selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should consolidate two related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint Hopson Family Investments as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3. Whether the Court should approve of Hopson Family Investments' selection of Robbins Geller as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III. STATEMENT OF FACTS

Medivation is a biopharmaceutical company with small molecule drugs in clinical development to treat three diseases: Alzheimer's disease, Huntington's disease and castration-resistant prostate cancer. Medivation co-partnered with Pfizer, Inc. ("Pfizer") in the United Stated and overseas on the drug Dimebon (under the generic name latrepirdine), an experimental drug for Alzheimer's disease.

The Actions allege that during the Class Period, defendants made false and misleading statements causing millions of dollars in market capitalization losses regarding the effectiveness of Dimebon as a treatment for Alzheimer's disease, making it impossible for shareholders to gain a meaningful or realistic understanding of the drug's progress toward Food & Drug Administration approval and market success. In addition, certain individual defendants reaped over $10 million in illicit insider trading proceeds by selling more than 460,000 shares of Medivation stock at artificially inflated prices.

On March 3, 2010, before the market opened, defendants were forced to publicly disclose that Dimebon did not meet primary and secondary goals in a Phase 3 trial for patients with mild to

moderate Alzheimer's disease. In fact, the trial demonstrated that, in some cases, *patients taking a placebo fared better* than patients taking Dimebon. As a result of this news, Medivation's stock plummeted $27.15 per share to close at $13.10 per share on March 3, 2010 – a one-day decline of 67% on volume of 45 million shares, nearly 72 times the average three-month daily volume.

## IV.  ARGUMENT

### A.  The Actions Should Be Consolidated

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). Here, the Actions assert claims on behalf of purchasers of Medivation common stock for alleged violations of the 1934 Act during the Class Period. The claims, Class Periods, defendants and factual allegations are virtually identical. "Since common issues of law and fact dominate these [two] cases," the Court should "conclude[] that consolidation will increase the efficiency and manageability of these cases" and order consolidation of the Actions. *Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *7-*8 (N.D. Cal. 2003) (Patel, J.).

### B.  Hopson Family Investments Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Hopson Family Investments meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice published in this action on March 9, 2010 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from March 9, 2010, or May 8, 2010. *See* Myers Decl., Ex. A. May 8th was a Saturday. Pursuant to Rule 6(a)(1)(C), May 10, 2010 is the next day that is not a "Saturday, Sunday, or legal holiday," and this Motion is therefore timely filed and Hopson Family Investments is entitled to be considered for appointment as lead plaintiff.

### 2. Hopson Family Investments Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Hopson Family Investments lost approximately $164,000 due to defendants' misconduct. *See* Myers Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, Hopson Family Investments satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Hopson Family Investments Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and

whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Hopson Family Investments satisfies these requirements at this stage of the litigation.

Hopson Family Investments has submitted a sworn certification confirming its desire, willingness and ability to serve as lead plaintiff. *See* Myers Decl., Ex. B; *see also* Local Rule 3-7(c). Like all class members, Hopson Family Investments purchased Medivation stock during the Class Period at allegedly inflated prices and suffered damages as a result. *See* Myers Decl., Ex. C. Hopson Family Investments' $220,000 loss indicates it has the incentive to represent the claims of the class vigorously. *Id.* Moreover, Hopson Family Investments is not subject to unique defenses and is not aware of any conflicts between its claims and those asserted by the class. Finally, as discussed below, Hopson Family Investments has selected qualified counsel experienced in securities litigation.

Hopson Family Investments' common interests shared with the class, its substantial financial interest and its selection of qualified counsel demonstrates that Hopson Family Investments *prima facie* satisfies the Rule 23 inquiry at this juncture.

### C.   The Court Should Approve Hopson Family Investments' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 732-33; *In re Cohen v. United States Dist. Ct. for the N. Dist.*, 586 F.3d 703 (9th Cir. 2009).

Hopson Family Investments contacted at least one other law firm prior to selecting Robbins Geller as its counsel in this case. After considering the firms' qualifications, Hopson Family Investments decided to retain Robbins Geller to represent it and the class in this litigation. Robbins

1  Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation,
2  particularly securities litigation.  *See* Myers Decl., Ex. D.  District courts throughout the country,
3  including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in
4  the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action
5  securities cases.  *See, e.g., Eichenholtz v. Verifone Holdings, Inc.*, 2008 U.S. Dist. LEXIS 64633, at
6  *39 (N.D. Cal. 2008) (finding Robbins Geller lawyers "to be qualified, experienced, and competent
7  to pursue the class' claims") (Patel, J.); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex.
8  2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of
9  [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions,
10 if not the preeminent one, in the country").  As such, the Court may be assured that in the event this
11 Motion is granted, the members of the class will receive the highest caliber of legal representation
12 available from Robbins Geller.  Accordingly, Hopson Family Investments' selection of counsel
13 should be approved.

14 **V.    CONCLUSION**

15      The two related securities fraud actions before the Court are virtually identical and should be
16 consolidated.  In addition, Hopson Family Investments has satisfied each of the PSLRA's
17 requirements for appointment as lead plaintiff.  As such, Hopson Family Investments respectfully
18 requests that the Court consolidate the Actions, appoint Hopson Family Investments as Lead
19 Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and
20 proper.

21 DATED:  May 10, 2010                          Respectfully submitted,

22                                              ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
23                                              DARREN J. ROBBINS
                                                DANIELLE S. MYERS
24

25
                                                      s/ DANIELLE S. MYERS
26                                                  DANIELLE S. MYERS

27                                              655 West Broadway, Suite 1900
                                                San Diego, CA  92101
28                                              Telephone:  619/231-1058

| | |
|---|---|
| 1 | 619/231-7423 (fax) |
| 2 | ROBBINS GELLER RUDMAN |
|   |   & DOWD LLP |
| 3 | DENNIS J. HERMAN |
|   | 100 Pine Street, 26th Floor |
| 4 | San Francisco, CA  94111 |
|   | Telephone:  415/288-4545 |
| 5 | 415/288-4534 (fax) |
| 6 | [Proposed] Lead Counsel for Plaintiffs |

CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

John C. Dwyer
Angela L. Dunning
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155

Lionel Z. Glancy
Michael Goldberg
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067

Howard G. Smith
Law Offices of Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA  19020

James M. Orman
Law Offices of James M. Orman
1845 Walnut Street, 14th Floor
Philadelphia, PA  19103

Brian P. Murray
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY 10016

I further certify that I caused this document to be forwarded to the following Designated Internet Site at:  http://securities.stanford.edu.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 10, 2010.

　　　　　　　　　　　　　　　　　　　s/ DANIELLE S. MYERS
　　　　　　　　　　　　　　　　　　　DANIELLE S. MYERS

　　　　　　　　　　　　　　　　　　　ROBBINS GELLER RUDMAN
　　　　　　　　　　　　　　　　　　　　　& DOWD LLP
　　　　　　　　　　　　　　　　　　　655 West Broadway, Suite 1900
　　　　　　　　　　　　　　　　　　　San Diego, CA  92101-3301
　　　　　　　　　　　　　　　　　　　Telephone:  619/231-1058
　　　　　　　　　　　　　　　　　　　619/231-7423 (fax)

　　　　　　　　　　　　　　　　　　　E-mail:  dmyers@rgrdlaw.com

**Mailing Information for a Case 3:10-cv-00998-MHP**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dennis J. Herman**
  dennish@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Catherine J. Kowalewski**
  katek@rgrdlaw.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,travisd@rgrdlaw.com,ptiffith@rgrdlaw.com,cwood@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com,khuang@rgrdlaw.com,e_file_

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)