UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID APPLESTEIN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEDIVATION, INC., DAVID T. HUNG, C. PATRICK MACHADO, LYNN SEELY, and ROHAN PALEKAR,<br><br>Defendants. | CASE NO.: 3:10-CV-00998-MPH<br><br>**STIPULATION AND ~~(PROPOSED)~~ ORDER GOVERNING CONFIDENTIAL MATERIAL** |

| | |
|---|---|
| VADYM SHABANOV, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEDIVATION, INC., DAVID T. HUNG, C. PATRICK MACHADO, LYNN SEELY, and ROHAN PALEKAR,<br><br>Defendants. | **CASE NO.: 3:10-CV-010149-MPH** |
| MARK SLOTKIN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEDIVATION, INC., DAVID T. HUNG, C. PATRICK MACHADO, LYNN SEELY, and ROHAN PALEKAR,<br><br>Defendants. | **CASE NO.: 3:10-CV-02005-MPH** |

IT IS HEREBY STIPULATED AND AGREED by and between the parties to the actions (the "Actions"), and the other signatories hereto, subject to the approval of the Court, that:

1. This Stipulation and Order governs the treatment of documents and testimony in depositions ("Discovery Material") produced by, given by, or obtained from any party or any non-party who agrees to the terms of this Stipulation and Order (the "Producing Person") in the above-captioned actions (the "Actions") that is designated confidential by the Producing Person in accordance with the procedures set forth below.  Any party or non-party who, after agreeing to the terms of this Stipulation and Order, produces or is compelled to produce information in these Actions is considered a Producing Person for purposes of this Stipulation and Order.

2. Any Producing Person may designate as confidential any Discovery Material which contains or discloses, inter alia, internal policies, procedures and operations, non-public information, unpublished investment or trading data, investment or trading forecasts or strategies, analyses, appraisals, valuations or other information of a non-public nature considered by the Producing Person to be commercially or personally sensitive or proprietary, including, offering memoranda and limited partnership and management agreements.  All Discovery Material so designated and all information derived therefrom shall be referred to in this

10947v1

Stipulation and Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Stipulation and Order.

3. Confidential Discovery Material shall be used only for the purposes of the lead plaintiff motions in the Actions, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent court orders, or with the explicit consent in writing of the Producing Person with respect to specifically identified Confidential Discovery Material, and shall not be used or employed for any other purpose whatsoever.

4. Copies or originals of Confidential Discovery Material which are delivered to a party of the Actions or otherwise leave the possession of the Producing Person shall be so designated by marking or stamping them "Confidential". With respect to multi-page documents that contain Confidential Discovery Material, each page of the multi-page document should be marked "Confidential". In the case of depositions, Counsel for the Producing Party may designate that the deposition be maintained as "Confidential" by making a statement on the record and/or sending a letter requesting that the deposition be treated as "Confidential" within 10 days of the deposition.

5. Discovery Material designated as Confidential Discovery Material or information derived therefrom, may be disclosed or made available without written consent from the Producing Person only to the following persons:

31383v1                                    2

(a) parties to the Actions (including, for parties who are corporate entities, the officers, directors, and employees of the party to whom disclosure is reasonably necessary for this litigation), outside litigation counsel to the parties to the Actions, and attorneys, clerical, paralegal and secretarial and other staff employed by such counsel, provided that a member or authorized representative of such law firm shall first execute a copy of this Stipulation and Order; such execution shall constitute an agreement by all lawyers in, and regular and temporary employees of, that firm to be so bound;

(b) the authors, senders, addressees and designated copy recipients of any Confidential Discovery Materials; and

(c) the Court.

6. Without written permission from the Producing Person or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in these Actions any Confidential Discovery Material. A party that seeks to file under seal any Confidential Discovery Material must comply with Civil Local Rule 79-5. Confidential Discovery Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Discovery Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Confidential Discovery Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the

31383v1                                    3

law. If a party's request to file Confidential Discovery Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

7. Inadvertent production of any information, document or thing without it being marked "Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be corrected by supplemental written notice. All copies of any such information, document or thing shall thereafter promptly be marked by persons in possession of them with the correct designation.

8. Inadvertent production of any information, document or thing which the Producing Person claims is privileged or is work product shall not itself be deemed a waiver of any claim of privilege or work product as to such matter or as to any other matter. Upon notice from the Producing Person, all copies of such information, document or thing shall promptly be returned to the Producing Person.

9. This Stipulation and Order has no effect upon, and its scope shall not extend to, any Producing Person's use of its own Confidential Discovery Material.

10. Nothing contained in this Stipulation and Order shall be construed to be an admission by any party that the documents or materials labeled as Confidential Discovery Material are in fact Confidential as defined herein. Nothing contained in

31383v1                                             4

this Stipulation and Order shall be construed to be a waiver of the Producing Person's right to claim that a document not designated as Confidential Discovery Material is in fact Confidential within the terms of this Stipulation and Order. Nothing in this Stipulation and Order shall be construed to be a waiver of any party's right to object on any grounds whatsoever to any request for discovery or to an agreement to produce any documents or to supply any information. The failure of any party to challenge the designation by another Producing Person of Discovery Material as Confidential during the discovery period shall not be a waiver of that party's right to object to the designation of such material as Confidential at trial.

11. This Stipulation and Order or the existence of such shall not be offered or admitted into evidence at trial, argued to the jury, or otherwise disclosed to the jury. This Stipulation and Order shall have no effect on the admissibility or discoverability of any Discovery Material.

12. After the termination of these proceedings, this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

13. Within forty-five (45) days after the Court's Order appointing a lead plaintiff in this litigation, all Confidential Discovery Material supplied by a Producing Person and all copies thereof (including, without limitation, copies provided to

31383v1                                     5

testifying or consulting experts) shall be returned to the Producing Person, or the party's counsel shall certify to the Producing Person that all such materials have been destroyed.  As to those materials containing Confidential Discovery Material, that constitute counsel's work product, were served in these Actions, filed with the Court, and/or marked as trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Stipulation and Order with respect to such retained material.

14.   A party who determines, upon advice of counsel, that Confidential Discovery Material must be disclosed in order to comply with a subpoena, discovery request or court order (collectively, "Disclosure Obligation") shall give all other counsel written notice by telecopy and overnight mail at least ten (10) business days prior to disclosing any Confidential Discovery Material, or within an appropriately shorter period if such Disclosure Obligation necessitates disclosure prior to the passage of ten (10) business days.  The written notice shall contain copies of any subpoena or other legal document which the party believes requires the disclosure.  The party believing disclosure to be necessary shall have the burden of proof as to these issues.

15.   The parties agree to seek the approval of the Court with respect to this Stipulation and Order.  Notwithstanding the pendency of approval by the Court, this Stipulation and Order shall become effective among such parties who have executed

31383v1                                                                6

this agreement immediately upon such execution. If approval by the Court is ultimately denied, no party shall treat any Confidential Discovery Material produced prior to that time other than as provided herein.

16. Nothing in this Stipulation and Order shall be construed as prejudicing any Producing Person's right to seek an agreement or court order (a) modifying the provisions of this Stipulation and Order or (b) providing additional confidentiality or other protections to any Confidential Discovery Material produced in this action. However, until such agreement or order is obtained, this Stipulation and Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

31383v1                                    7

DATED: October 26, 2010

Respectfully submitted,

**BERNSTEIN LIEBHARD LLP**

/s/ Sandy A. Liebhard

Sandy A. Liebhard
J. Seth Ottensoser
Joseph R. Seidman, Jr.
10 E. 40th Street, Suite 22
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

*Counsel for Catoosa*

**ROBBINS GELLER RUDMAN & DOWD LLP**

/s/ Danielle S. Myers

Darren J. Robbins
Danielle S. Myers
655 W. Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

- and -

Dennis J. Herman
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

*Counsel for Hopson Family Investments*

**COOLEY LLP**

10947v1

_____
James M. Penning
5 Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

*Counsel for Defendants*

IT IS SO ORDERED. **SUBJECT TO ATTACHED MODIFICATION.**

_____  November 3, 2010
HONORABLE [seal: IT IS SO ORDERED / Judge Marilyn H. Patel / UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]

31383v1